# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLA M. DRISKILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-264-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Carla M. Driskill requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining that she was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and REMANDED to the ALJ for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy[.]"  *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim.  *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied.  *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997).  Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  The Court may not reweigh the evidence or substitute its discretion for the Commissioner's.  *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991).  But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step One requires the claimant to establish that she is not engaged in substantial gainful activity.  Step Two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied.  If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry.  Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work.  At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC.  Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work.  *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born November 12, 1978, and was thirty-one years old at the time of the administrative hearing. (Tr. 28). She completed twelfth grade and attended two years of cosmetology school (Tr. 28), and has worked as a fast food manager and retail store manager (Tr. 46). The claimant alleges that she has been unable to work since April 30, 2006, due to left and right shoulder rotator cuff injuries, nerve pain in the right side of her neck, right knee surgery, right wrist carpal tunnel surgery, chronic anemia, migraine headaches, and asthma. (Tr. 116, 121, 146).

## Procedural History

On October 6, 2008, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. (Tr. 116-122). Her applications were denied. ALJ Trace Baldwin conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated March 19, 2010. (Tr. 8-20). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity (RFC) to perform sedentary work, *i.*

*e.*, the claimant could lift/carry ten pounds frequently and occasionally, stand/walk two hours in an eight-hour workday, and sit six hours in an eight-hour workday. 20 C.F.R. §§ 404.1567(a), 416.967(a). The ALJ imposed the additional limitations of no work above shoulder height; no work around dust, fumes, and vapors, or in extreme temperature changes; and no work at unprotected heights, around moving machinery, or on unstable surfaces. (Tr. 13). Although the ALJ determined that the claimant could not return to her past relevant work, he found that she was nevertheless not disabled because there was work she could perform in the regional and national economies, *e. g.*, document preparer, semi conductor wafer breaker, and telephone clerk. (Tr. 19-20).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly evaluate the medical evidence, (ii) because she does not have the RFC to perform substantial gainful activity, and (iii) by failing to properly evaluate her credibility. In support of her first contention, the claimant argues that the ALJ erred at step two in failing to find as severe impairments her migraine headaches, right knee problem, and depression, then further erred by failing to include the effect of these impairments in her RFC at step four. The Court finds the claimant's first contention persuasive.

The relevant medical evidence shows that the claimant had carpal tunnel surgery on her right wrist in June 2005, right knee surgery in November 2007, left rotator cuff surgery in July 2007, and right rotator cuff surgery in July 2009. (Tr. 208, 222-225, 235-238, 497-498). Additionally, she was treated through the Chickasaw Nation Health System and the Gastorf Family Clinic for asthma, anemia, depression, and migraine

headaches. (Tr. 297-339, 362-392). As to her depression, the claimant was prescribed anti-depressant medications, and began counseling at Providence of Oklahoma for Individual Rehab Counseling on February 9, 2010. (Tr. 297-339, 531-532).

At the administrative hearing, the claimant testified regarding her physical and mental impairments. She stated that she had surgery on both shoulders, that surgery had provided a little relief to her pain but not much, and that it was impossible to lift her arms overhead. (Tr. 31-32). She testified that the pain was daily and worse in her left shoulder, but the pain in her right shoulder was exacerbated by activity. (Tr. 32-33). Additionally, she discussed the surgeries on her right knee and right wrist. She stated that her knee sometimes gives way or goes numb and swells constantly, and that her right hand goes numb three or four times a month. (Tr. 33-34). As to her back, she testified that she gets muscle spasms several times a day. (Tr. 36). She further explained that she has four inhalers for her asthma, and that her asthma is irritated by dust, cigarette smoke (the claimant is a smoker), and cat hair. (Tr. 37). She also testified that she experiences one to two migraines a weeks, and they last on average three to four days. (Tr. 37-38). She testified that she takes medication and sees a counselor for her depression. (Tr. 39-40).

The ALJ found that the claimant suffered from severe impairments of discogenic degenerative disorder of the back, status post-rotator cuff repair right shoulder, asthma, and obesity. (Tr. 10). The ALJ then found the claimant's other impairments—anemia, migraine headaches, degenerative joint disease of the right knee post surgery, carpal tunnel syndrome post surgery, and depression—to be non-severe impairments. (Tr. 10-

12). At step four, the ALJ summarized the claimant's hearing testimony and much of the medical record, but he inaccurately noted that the claimant had no pain in her shoulder during much of 2009. In fact, records demonstrate the claimant had surgery on her rotator cuff in July 2009, and was prescribed painkillers during this time. (Tr. 468, 472, 474, 476, 497-498). The ALJ further found that the claimant's complaints of pain were not credible, then found that she was not disabled. (Tr. 15-18).

The claimant argues that the ALJ erred in failing to classify her migraine headaches, right knee problem, and depression as severe impairments. Because the ALJ did find that the claimant had severe impairments, any failure to find the claimant's additional impairments severe at step two is considered harmless error because the ALJ would nevertheless be required to consider effect of these impairments and account for them in formulating the claimant's RFC at step four. *See, e. g., Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("'At step two, the ALJ must 'consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]. Nevertheless, any error here became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."), *quoting Langley v. Barnhart*, 373 F.3d 1116, 1123-24 (10th Cir. 2004) and 20 C.F.R. § 404.1523. *See also Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("Once the ALJ finds that the claimant has any severe impairment, he has satisfied the analysis for purposes of step two. His failure to find that additional alleged impairments are also severe is not in itself cause for

reversal. But this does not mean the omitted impairment simply disappears from his analysis. In determining the claimant's RFC, the ALJ is required to consider the effect of *all* of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'") [emphasis in original] [citations omitted]. But here the error *was not* harmless, because the ALJ entirely failed to account for the claimant's migraine headaches and depression in assessing her RFC. *See, e. g., Grotendorst v. Astrue*, 370 Fed. Appx. 879, 884 (10th Cir. 2010) ("[O]nce the ALJ decided, without properly applying the special technique, that Ms. Gtotendorst's mental impairments were not severe, she gave those impairments no further consideration. This was reversible error."). *See also Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five.") [unpublished opinion]; *see also Hamby v. Astrue*, 260 Fed. Appx. 108, 112 (10th Cir. 2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two. He failed to consider the consequences of these impairments, however, in determining that Ms. Hamby had the RFC to perform a wide range of sedentary work.") [unpublished opinion].

Additionally, the ALJ found at step two that the claimant's obesity was a severe impairment, then merely mentioned at step four that her weight fell in the obese range. An explanation should be provided when, as here, an impairment found to be severe at step two is determined to be insignificant in later stages of the sequential evaluation. *Fleetwood v. Barnhart*, 211 Fed. Appx. 736, 741-42 (10th Cir. 2007) (noting that "obesity is [a] medically determinable impairment that [the] ALJ must consider in

evaluating disability; that [the] combined effect of obesity with other impairments can be greater than effects of each single impairment considered individually; and that obesity must be considered when assessing RFC."), *citing* Soc. Sec. Rul. 02-01p, 2000 WL 628049, at *1, *5-*6, *7; *Baker v. Barnhart*, 84 Fed. Appx. 10, 14 (10th Cir. 2003) (noting that the agency's ruling in Soc. Sec. Rul. 02-01p on obesity applies at all steps of the evaluation sequence). The ALJ should have explained why the claimant's obesity did not call for corresponding physical limitations. *See Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as the significantly probative evidence that he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir 1984).

Last, the ALJ mischaracterized some of the claimant's medical evidence, apparently not even realizing the claimant had rotator cuff surgery on *both* shoulders. Because the ALJ failed to discuss probative evidence inconsistent with his RFC determination, the Court cannot determine whether he actually considered it. *See, e. g., Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) (A reviewing court is "'not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan*, 933 F.2d 598, 603 (7th Cir. 1991). The ALJ thus failed to properly assess the claimant's RFC at step four. Consequently, the decision of the Commissioner should be reversed and the case remanded for a proper analysis of the claimant's RFC by the ALJ. If such analysis results in any changes to the claimant's RFC, the ALJ should re-

determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

The Court hereby FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The Commissioner's decision is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 6th day of March, 2012.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma